The Hecht Company, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 2599.   Promulgated August 26, 1946.

*I. Herman Sher, Esq.*, and *R. A. Bartlett, Esq.*, for the petitioner. *Paul E. Waring, Esq.*, for the respondent.

OPINION.

ARUNDELL, *Judge*: Petitioner, after becoming eligible and electing under section 736 (a) of the Internal Revenue Code,[1] adjusted its excess profits net income for the taxable year ended January 31, 1941, to conform to the accrual basis by adding to the figure reported in its original excess profits tax return the net amount ($193,310.18) of unrealized profits on installment sales which had been deferred under the installment method. Respondent's contention that the figure should be further increased by the amounts of $55,392.45 and $33,211.22, respectively representing bad debts and collection expenses in connection with installment sales made prior to February 1, 1940, is based on section 30.736 (a)-3, Regulations 109, as amended by T. D. 5257,

---

[1] SEC. 736. RELIEF FOR INSTALLMENT BASIS TAXPAYERS AND TAXPAYERS WITH INCOME FROM LONG-TERM CONTRACTS.

(a) ELECTION TO ACCRUE INCOME.—In the case of any taxpayer computing income from installment sales under the method provided by section 44 (a), if such taxpayer establishes, in accordance with regulations prescribed by the Commissioner with the approval of the Secretary, that the average volume of credit extended to purchasers on the installment plan in the four taxable years preceding the first taxable year beginning after December 31, 1941, was more than 125 per centum of the volume of such credit extended to such purchasers in the taxable year, or the average of outstanding installment accounts receivable at the end of each of the four taxable years preceding the first taxable year beginning after December 31, 1941, was more than 125 per centum of such accounts receivable at the end of the taxable year, or if the taxpayer was not in existence for four previous taxable years, the taxable years during which the taxpayer was in existence, in either case including only such years for which the income was computed under the method provided in section 44 (a), it may elect, in its return for the taxable year, for the purposes of the tax imposed by this subchapter, to compute, in accordance with regulations prescribed by the Commissioner with the approval of the Secretary, its income from installment sales on the basis of the taxable period for which such income is accrued, in lieu of the basis provided by section 44 (a). Except as hereinafter provided, such election shall be irrevocable when once made and shall apply also to all subsequent taxable years, and the income from installment sales for each taxable year before the first year with respect to which the election is made but beginning after December 31, 1939, shall be adjusted for the purposes of this subchapter to conform to such election. In making such adjustments, no amount shall be included in computing excess profits net income for any excess profits tax taxable year on account of installment sales made in taxable years beginning before January 1, 1940. * * *

1943 C. B. 856. The pertinent portion of the regulation reads as follows:

SEC. 30.736 (a)–3. COMPUTATION OF INCOME ON STRAIGHT ACCRUAL BASIS.—If the taxpayer has elected under section 736 (a) and section 30.736 (a)–2 to compute for excess profits tax purposes its income from installment sales on the basis of the taxable year for which such income is accrued, in lieu of the basis provided by section 44 (a), the gross income of the taxpayer from installment sales shall be computed upon such accrual basis. Likewise all deductions under section 23 allowable in computing net income and attributable to such sales, shall be computed upon the straight accrual basis. However, no income *or deductions (including deductions for bad debts)* shall be included in the computation of excess profits net income for any excess profits tax taxable year on account of installment sales made in taxable years beginning before January 1, 1940. [Italics supplied.]

In *Mackin Corporation*, 7 T. C. 648, decided concurrently herewith, the same section of the code and the same portion of the regulations were involved in connection with a claim for bad debt deduction on account of pre-1940 installment sales. We have held in that case that the regulation, in denying to qualified installment basis taxpayers electing under section 736 (a) any deduction for bad debts on account of pre-1940 sales, is invalid and in excess of the Commissioner's authority. Our reasons for so holding have been set out at length in our opinion therein and need not be repeated here. Suffice it to say that in view of our decision in that case the petitioner herein is entitled to a bad debt deduction, for excess profits tax purposes under section 736 (a), to the extent of its unrecovered cost of goods represented in the $55,392.45 of pre-1940 installment accounts receivable charged off in the taxable year. The record in this case does not show what portion of said accounts represented unrecovered cost of goods and what portion represented unrealized profits, as did the record in the *Mackin* case. However, a recomputation under Rule 50 is necessary herein to give effect to the stipulations of the parties as to other issues originally raised. Inasmuch as substantially all the facts have been stipulated, doubtless the parties will have no difficulty in ascertaining and agreeing upon the amount of unrecovered cost of goods involved in the accounts charged off, so as to take care of the matter in the recomputation.

There remains the issue whether petitioner is entitled to deduct its expenses of collecting installment accounts arising out of sales made prior to February 1, 1940. No such question was involved in the *Mackin* case. Nevertheless, from the reasoning of that case it follows that the regulation is as much invalid in denying deductions for those expenses as in denying any deduction for bad debts. As we there pointed out, section 736 (a) of the code contains no provision whatever with respect to deductions and did not change the provisions of

section 23 of the code allowing deductions or those of section 43 relating to the time for taking deductions. In so far as the regulation adopted under section 736 (a) purports to deny all deductions for expenses, losses, etc., incurred or accrued during the taxable year, which relate to or arise out of pre-1940 sales, it is an unauthorized amendment of the statute and denies to qualified electing installment basis taxpayers the relief to which they are entitled under the statute. It follows that petitioner is entitled to deduct the amount of $33,211.22 collection expenses in computing its excess profits net income for the taxable year under section 736 (a).

*Decision will be entered under Rule 50.*