John Breuner Company v. Commissioner.
John Breuner Co. v. Commissioner
Docket No. 11835.
United States Tax Court
1948 Tax Ct. Memo LEXIS 193; 7 T.C.M. (CCH) 274; T.C.M. (RIA) 48078; May 12, 1948
Louis Janin, Esq., 1104 Mills Tower, San Francisco, Calif., for the petitioner. Charles W. Nyquist, Esq., for the respondent. JOHNSON Memorandum Findings of Fact and Opinion JOHNSON, *194 Judge: The Commissioner determined a deficiency of $59,763.48 in petitioner's excess profits tax for the fiscal year ended January 31, 1943. Petitioner, having elected to change from the installment to accrual basis for reporting profit on installment sales, charges error in that the Commissioner computed excess profits tax credits and carry-overs without including in invested capital the gross profits on unpaid balances of installment accounts receivable and without allowing the deduction of bad debts arising out of sales made prior to February 1, 1940. A third assignment, involving the Commissioner's failure to give due credit for a tax payment, was settled by stipulation. Findings of Fact This proceeding was submitted upon a stipulation and exhibits, hereto incorporated by reference as findings of fact, from which it appears that: Petitioner, a California corporation with principal office at Oakland, California, filed its excess profits tax return for the fiscal year ended January 31, 1943, with the collector of internal revenue for the first district of California. It kept its books on an accrual basis of accounting, but for income tax purposes reported deferred payment sales *195 on the installment basis. As of January 31, 1944, it established its qualifications under section 736 (a), Internal Revenue Code, to accrue income from installment sales for excess profits tax purposes; it elected to do so, and on its tax return for the fiscal year 1943 it computed its excess profits tax credit and credit carry-overs on the basis of invested capital. Gross profits on the unpaid balances of its installment accounts receivable at the commencement of preceding fiscal years were as follows: February 1, 1940
$590,950.06
February 1, 1941
693,289.38
February 1, 1942
817,324.02 In the determination of petitioner's excess profits tax credit for the fiscal year 1943 the Commissioner did not include these gross profits in petitioner's invested capital. Petitioner sustained and charged off as bad debts attributable to installment sales made during the base period, $16,210.46, $2,855.49, and $189.53 in its fiscal years ended January 31, 1941, 1942 and 1943, respectively. The Commissioner allowed these deductions in computing petitioner's income taxes but not in computing its excess profits taxes. Opinion Petitioner contends that *196 gross profits on the unpaid balances of its installment accounts receivable should be reflected in the computation of its equity invested capital which by section 718 (a) (4), Internal Revenue Code, is defined to include accumulated earnings and profits as of the beginning of a taxable year. In determining petitioner's excess profits tax credits and carry-overs, the Commissioner excluded the unpaid balances from equity invested capital, and defends that exclusion by the argument that such profits were uncollected, unrealized and untaxed under petitioner's method of reporting income; that as such they do not fall within the scope of earnings and profits, as defined by section 115, and petitioner's election under section 736 (a) to report installment sales income on the accrual basis for computing excess profits tax, does not have the effect of converting them into earnings and profits for the purposes of section 718 (a) (4). Respondent invokes section 35.736 (a) (2), Regulations 112, which provides in part: "* * * If the taxpayer uses the excess profits credit based on invested capital pursuant to section 714, the determination of accumulated earnings and profits *197 shall be made without regard to any adjustment resulting from election made under section 736 (a) and this section, except as such election is reflected in the amount of income tax or excess profits tax payable for taxable years beginning after December 31, 1939. * * *" Section 29.115-3 of Regulations 111, relating to income tax, requires that: "* * * a corporation computing income on the installment basis as provided in section 44 shall, with respect to installment transactions, compute earnings and profits on such basis; * * *" and according to section 35.718-2, relating to the excess profits tax: "* * * In general, the concept of 'accumulated earnings and profits' for the purpose of the excess profits tax is the same as for the purpose of the income tax. * * *" In Commissioner v. South Texas Lumber Co., 333 U.S. 496 (decided March 29, 1948), the Supreme Court sustained the validity of the quoted Regulations, sections 29.115-3 and 35.718-2, in holding that the taxpayer, using the installment basis, could include in equity invested capital as "accumulated earnings and profits" only that portion of installment payments which it had actually received and on which *198 it had paid income tax in the year of receipt. In accordance with that decision we sustain the Commissioner's determination, excluding from equity invested capital gross profits on the unpaid balances of petitioner's installment accounts receivable. In its second assignment petitioner charges the Commissioner with error in determining its excess profits tax net income and its excess profits tax credit carry-overs without the deduction of bad debts arising out of sales made prior to February 1, 1940, February 1st being the beginning of its fiscal year. The amounts of such debts, which are stipulated for 1941, 1942 and 1943, were allowed as deductions in the computation of petitioner's income taxes for those years. Section 736 (a) provides that in the making of adjustments under the election granted by it, "no amount shall be included in computing excess profits net income for any excess profits tax taxable year on account of installment sales made in taxable years beginning before January 1, 1940." In the construction of this provision the Commissioner ruled by section 30.736 (a)-3 of Regulations 109, as amended by T.D. 5257, 1943 C.B. 856, that: "* * * no income *199 or deductions (including deductions for bad debts) shall be included in the computation of excess profits net income for any excess profits tax taxable year on account of installment sales made in taxable years beginning before January 1, 1940." Respondent correctly states that this provision of the Regulations justifies his disallowance of the bad debt deductions. But that provision had been held invalid in so far as it denies "the deductibility of unrecovered out-of-pocket cost of goods sold." Commissioner v. Mackin Corporation (C.C.A., 1st Cir.), 164 Fed. (2d) 527; affirming 7 T.C. 648; Commissioner v. Hecht Co. (C.C.A., 4th Cir.), 163 Fed. (2d) 194; affirming 7 T.C. 643. Petitioner, therefore, is entitled to deduct that portion of the bad debts claimed which represents unrecovered cost incurred in the transactions resulting in the bad debts, but not that portion which represents the loss of anticipated profits, for, as said by the court in Commissioner v. Mackin Corporation, supra: "* * * to permit a taxpayer changing from the installment basis to the accrual basis under § 736 (a) to deduct total uncollectible *200 installments as though it had been consistently on the accrual basis would give it an undue tax advantage since it would not have accrued and paid taxes on gross profits. * * *" The stipulated facts show only the aggregate amounts of "bad debts attributable to installment sales," and may include anticipated profits from such sales although petitioner's counsel denies it in the reply brief. In this respect the record does not establish the proper amounts deductible, but the parties will be granted an opportunity of stipulating or proving the unrecovered cost, which may be taken as deductions, in making their recomputation under Rule 50. Cf. The Hecht Co., supra. In a third assignment petitioner charges the Commissioner with error in failing to give credit for a payment of $18,518.20 of excess profits tax made on June 15, 1944. Payment of this amount, over and above an assessed tax of $183,477.56, has been stipulated, and is not now in controversy. Decision will be entered under Rule 50.