May, Stern and Company v. Commissioner.
May, Stern & Co. v. Commissioner
Docket No. 9595.
United States Tax Court
1948 Tax Ct. Memo LEXIS 182; 7 T.C.M. (CCH) 309; T.C.M. (RIA) 48088; May 26, 1948
Louis Caplan, Esq., 1124 Frick Bldg., Pittsburgh, Pa., for the petitioner. R. Bruce Jones, Esq., for the respondent. HARRON Supplemental Memorandum Findings of Fact and Opinion HARRON, Judge: The respondent determined a deficiency in income tax for the fiscal year ended January 31, 1941, in *183 the amount of $1,069.28. The pleadings do not raise any issue relating to the liability of the petitioner for income tax in the taxable year. Petitioner agrees that there is a deficiency in income tax in the above amount. The respondent determined a deficiency in excess profits tax for the fiscal year ended January 31, 1941, in the amount of $89,774.93. Petitioner contests this determination. Memorandum Findings of Fact and Opinion were entered in this proceeding on September 17, 1946. No decision has been entered. Two issues were raised by the pleadings which relate to petitioner's liability for excess profits tax. The first issue presented was decided in petitioner's favor upon the authority of Mackin Corporation, 7 T.C. 648; and The Hecht Co., 7 T.C. 643. The decisions of this Court in the above cases have since been affirmed. See Commissioner v. Mackin, 164 Fed. (2d) 527; Commissioner v. Hecht, 163 Fed. (2d) 194. The second issue presented was decided adversely to petitioner's contention upon the authority of this Court's decision in Kimbrell's Home Furnishings, Inc., 7T.C. 339, which was subsequently reversed. See Kimbrell's Home Furnishings, Inc. v. Commissioner, 159 Fed. (2d) 608. *184 We granted petitioner's motion for reconsideration of the second issue because of the reversal of the above case; and have held reconsideration in abeyance pending decision of the Supreme Court in its review of South Texas Lumber Co. v. Commissioner, 162 Fed. (2d) 866; certiorari granted November 24, 1947. Reconsideration has been given to the question presented under the second issue in the light of the recent decision of the Supreme Court in Commissioner v. South Texas Lumber Co., 333 U.S. 496; 68 S. Ct. 695 (decided March 29, 1948). The facts relating to the second issue are set forth again in this report, for convenience, and because there are a few additional facts to be found, according to a supplemental stipulation of facts which was filed after entry of the memorandum report. Findings of Fact The facts which have been stipulated are found to be facts. The stipulations are incorporated herein by this reference. Petitioner, having its principal place of business in Pittsburgh, is engaged in the business of buying and selling home furnishings to the retail trade, and sells merchandise under installment sales contracts. It keeps its *185 books of account and reports its income on the basis of a fiscal year ending January 31, and, in general, under the accrual method of accounting. However, it computes its income from the installment sales contracts on the installment basis for the Federal income tax purposes under section 44 (a) of the Internal Revenue Code. The fiscal year which began February 1, 1940, and ended January 31, 1941, was petitioner's first taxable year under the Federal Excess Profits Tax Act of 1940, which was enacted by section 201 of the Second Revenue Act of 1940. In 1943, petitioner elected, under section 736 (a) of the Internal Revenue Code, to compute income from its installment sales on the accrual basis for the purposes of the excess profits tax. It filed amended corporation excess profits tax return for the fiscal year, February 1, 1940 to January 31, 1941, (Form 1121), in which it reported in its excess profits net income, income for that fiscal year from installment sales on the accrual basis in the net amount of $363,896.09. It filed, also, an amended corporation income tax return for the same fiscal year, in which it reported net income of $83,331.91, *186 income from installment sales being reported under section 44 (a) for the income tax. In the amended excess profits tax return for the fiscal year 1940-1941, petitioner computed its accumulated earnings and profits to be $3,919,768.94, as of February 1, 1940, invested capital, (net) $3,801,178.68; and excess profits credit (8 per cent of $3,801,178.68), $304,094.29. The accumulated unrealized earnings and profits on installment sales at February 1, 1940, amounted to $1,294,745.79, and that sum was included in the total amount of accumulated earnings and profits, $3,919,768.94, in the computation of equity invested capital at the beginning of the year in the amended excess profits tax return. The above amount ($1,294,745.79) of unrealized earnings and profits constituted that portion of petitioner's accounts receivable for uncollected gross profits on installment sales made prior to February 1, 1940. That is to say, the above amount represented "unrealized gross profit" as of February 1, 1940, and was carried on the books of petitioner in a surplus reserve account pending collection of payments under outstanding installment sales contracts. Respondent excluded from petitioner's *187 equity invested capital as of February 1, 1940, the above amount of $1,297,745.79, and with other adjustments, determined that the invested capital was $2,588,723.39, in his audit of the amended excess profits tax return for the fiscal year 1940-1941. This determination resulted in reduction of the 8 per cent excess profits credit to $207,097.87, and deficiency in excess profits tax (after other adjustments) in the amount of $89,774.93. On November 22, 1946, petitioner paid to the collector of internal revenue for the twenty-third district of Pennsylvania the sum of $50,000 on account of the deficiency asserted by the respondent in petitioner's excess profits tax for the taxable year ending January 31, 1941. On February 26, 1947, petitioner agreed in writing to an assessment of the asserted deficiency in excess profits tax in the amount of $50,000 and said amount was assessed March, 1947, Account No. OOC Spl. #13. Opinion The only question is whether petitioner is entitled to include in equity invested capital as of February 1, 1940, that portion of its accounts receivable which represented installment sales which were made prior to February 1, 1940, upon which profits and *188 earnings were not yet realized, in the total sum of $1,294,745.79. The question arises in connection with the computation of petitioner's first year of liability for excess profits tax under the Excess Profits Tax Act of 1940. The amount of the excess profits credit, computed upon invested capital, is affected by the determination of the question. Respondent points out that none of the above sum of earnings and profits which were unrealized on February 1, 1940, had ever been included in income subject to either the Federal income or excess profits tax before and up to February 1, 1940; and from this he argues that a taxpayer reporting income on the installment basis under section 44(a) of the Internal Revenue Code may not accrue such unrealized items of income for invested capital purposes prior to the time they are reported for income tax purposes, citing Federal Union Insurance Company, 5 T.C. 374; and Jacob Bros. Company v. Commissioner, 50 Fed. (2d) 394. Respondent relies upon section 29.115-3 of Regulations 111, which provides, in part, that "a corporation computing income on the installment basis as provided in section 44 shall, *189 with respect to the installment transactions, compute earnings and profits on such basis." This provision of the Regulation has been held to be valid in Commissioner v. South Texas Lumber Company, 333 U.S. 496; 68 S. Ct. 695 (March 29, 1948). After the Supreme Court's decision in the South Texas Lumber case, petitioner filed a supplemental brief. In this proceeding, the question requires determination of the amount of petitioner's equity invested capital for the first year of its excess profits tax liability under the 1940 Act. Under section 718 (a) of the Internal Revenue Code, which defines equity invested capital, part of the equity invested capital is the accumulated earnings and profits as of the beginning of the taxable year, which, in this instance, is February 1, 1940. The facts show that on February 1, 1940, petitioner had accumulated earnings and profits of about $2,625,212.92, exclusive of the sum of $1,297,745.79, the amount of anticipated earnings and profits, unrealized as of February 1, 1940, which was computed upon installment sales contracts which had been made prior to February 1, 1940. Petitioner had to compute *190 the amount of its accumulated earnings and profits as of the beginning of the taxable year. This requirement in section 718 (a) (4) is the starting point of the problem. There is no question about the point that petitioner had in excess of two and one-half million dollars of accumulated earnings; the question is whether there should be added to that amount, the anticipated earnings, not yet realized, on installment sales made prior to February 1, 1940. Petitioner admits that none of the anticipated earnings in the above amount had been included in excess profits tax income, because the excess profits tax was not in effect in the years prior to February 1, 1940, when the installment sales were made. Petitioner agrees that none of the anticipated earnings had been included in its income of prior years, for the Federal income tax, because it reported income for income tax under section 44 (a). However, petitioner places reliance upon part of the Circuit Court's opinion in the Kimbrell's case, and, therefore, we take it into consideration. The above facts distinguish this proceeding from the $2Kimbiell's case because the year involved in that proceeding was the fiscal year ended August 31, 1943, and *191 after there was election, in 1943, under section 736 (a) to compute excess profits net income on the accrual basis, respondent had made adjustment of the excess profits net income for the preceding fiscal years ended August 31, 1941 and August 31, 1942, to conform to the election, thereby accruing in those years anticipated earnings from installment sales and including such earnings in the excess profits net income of the two years preceding the taxable year. Upon such facts was posed the question of whether to include in equity invested capital as of August 31, 1942, the reserve for unrealized profits on installment sales. The question in this proceeding is not posed upon such factual situation; and the Circuit Court of Appeals for the Fourth Circuit did not have before it in the Kimbrell's case the same factual question as we have in this proceeding. This point is illustrated by the following observation about the facts in the Kimbrell's case which was made by the Circuit Court in its opinion: "In the pending case, the income for the two years preceding the tax year was adjusted to an accrual basis and an addition was made to the excess profits net income upon which an additional *192 excess profits tax was determined. Having thus been recognized within the meaning of the statute, they became a part of the accumulated earnings and profits, and so much thereof as remained in the hands of the taxpayer at the beginning of the year ended August 31, 1943, was properly included in the equity invested capital for the year." In this proceeding, none of the sum in question, $1,294,745.79, anticipated profits, had been "recognized within the meaning of the statute" and they had not become "a part of the accumulated earnings and profits" as of February 1, 1940. Respondent's determination that the unrealized earnings and profits which were $1,294,745.79 on February 1, 1940, must be excluded from equity invested capital as of that date must be sustained under the holding made in the South Texas Lumber case. Respondent relies upon section 35.736 (a)-2 of Regulations 112, which provides, in part, as follows: "* * * If the taxpayer uses the excess profits credit based on invested capital pursuant to section 714, the determination of accumulated earnings and profits shall be made without regard to any adjustment resulting from election made under section 736 (a) and this section, *193 except as such election is reflected in the amount of income tax or excess profits tax payable for taxable years beginning after December 31, 1939. * * *" The above regulation reiterates the principle which is set forth in section 29.115-3 of Regulations 111, which has been held to be a valid regulation. We think it must follow that the above Regulation, likewise, is valid under the rationale of the South Texas Lumber Company case. Furthermore, the holding made by the Supreme Court in the above cited cases leaves no doubt about the correctness of the respondent's determination in this case. The holding in the South Texas Lumber case was as follows: "* * * The respondent [taxpayer] can include in its equity invested capital only that portion of its profits from installment payments which it has actually received and on which it has already paid income taxes in the years of receipt." It is held that he properly excluded the sum of $1,297,745.79 from equity invested capital as of February 1, 1940, and that he has determined correctly the amount of the excess profits credit in the amount of $207,097.87. After entry of the first Memorandum Findings of Fact and Opinion in this *194 proceeding, the parties agreed, under Rule 50, on the amounts of certain adjustment, and upon the resulting amount of the deficiency in the excess profits tax for the taxable year. Accordingly, no further recomputation under Rule 50 is necessary. Decision will be ente-ed for the respondent.