SELMA BERRY TRUST, TRANSFEREE, BETTY BERRY, TRUSTEE, ET AL.,[1] PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 41026, 410027, 41028, 41150. Filed May 25, 1956.

*Charles L. Levin, Esq.*, and *Morris Garvett, Esq.*, for the petitioners. *Peter K. Nevitt, Esq.*, for the respondent.

---

[1] The proceedings of the following petitioners are consolidated herewith: Harold Berry Trust, Transferee, Betty Berry, Trustee, Docket No. 41027; Herbert O. Schlager, Transferee, Docket No. 41028; Dixie Shops, Inc., a Michigan corporation, Docket No. 41150.

## OPINION.

WITHEY, *Judge:* Section 736(a) [2] of the Internal Revenue Code of 1939 granted to installment basis taxpayers who came within its terms an election to report income on an accrual basis for excess profits tax purposes. Taxpayers so electing were required to recompute their income on an accrual basis for all previous excess profits tax taxable years. The portion of section 736 (a) here pertinent provides that any taxpayer computing income from installment sales under the method provided by section 44 (a) of the 1939 Code who establishes that—

the average outstanding installment accounts receivable at the end of each of the four taxable years preceding the first taxable year beginning after December 31, 1941, was more than 125 per centum of the amount of such accounts receivable at the end of the taxable year * * *

may elect to compute, in accordance with the regulations prescribed by the Commissioner, its income from installment sales on an accrual basis, in lieu of the installment basis.

The parties agree that the average amount of outstanding installment accounts receivable of Dixie Shops, Inc., at the end of each of the 4 taxable years ended December 31, 1938, through December 31, 1941,

---

[2] SEC. 736. RELIEF FOR INSTALLMENT BASIS TAXPAYERS AND TAXPAYERS WITH INCOME FROM LONG-TERM CONTRACTS.

(a) ELECTION TO ACCRUE INCOME.—In the case of any taxpayer computing income from installment sales under the method provided by section 44 (a), if such taxpayer establishes, in accordance with regulations prescribed by the Commissioner with the approval of the Secretary, that the average volume of credit extended to purchasers on the installment plan in the four taxable years preceding the first taxable year beginning after December 31, 1941, was more than 125 per centum of the volume of such credit extended to such purchasers in the taxable year, or the average outstanding installment accounts receivable at the end of each of the four taxable years preceding the first taxable year beginning after December 31, 1941, was more than 125 per centum of the amount of such accounts receivable at the end of the taxable year, or if the taxpayer was not in existence for four previous taxable years, the taxable years during which the taxpayer was in existence, in either case including only such years for which the income was computed under the method provided in section 44 (a), it may elect, in its return for the taxable year, for the purposes of the tax imposed by this subchapter, to compute, in accordance with regulations prescribed by the Commissioner with the approval of the Secretary, its income from installment sales on the basis of the taxable period for which such income is accrued, in lieu of the. basis provided by section 44 (a). Except as hereinafter provided, such election shall be irrevocable when once made and shall apply also to all subsequent taxable years, and the income from installment sales for each taxable year before the first year with respect to which the election is made but beginning after December 31, 1939, shall be adjusted for the purposes of this subchapter to conform to such election. In making such adjustments, no amount shall be included in computing excess profits net income for any excess profits tax taxable year on account of installment sales made in taxable years beginning before January 1, 1940. If the taxpayer establishes, in accordance with regulations prescribed by the Commissioner with the approval of the Secretary, that in a taxable year subsequent to the year with respect to which an election has been made under the preceding provisions of this subsection it would not be eligible to elect such accrual method, the taxpayer may in accordance with such regulations elect in its return for such year to abandon such accrual method. Such election shall be irrevocable when once made and shall preclude any further elections under this subsection. For the taxable year for which the latter election is made and subsequent taxable years, income shall be computed in accordance with section 44 (c).

was more than 125 per cent of the amount of such accounts receivable appearing on the books of account of the corporation on December 31, 1942.

The respondent contends, however, that although the outstanding installment accounts receivable set forth on the books of account of Dixie Shops, Inc., on December 31, 1942, was $35,317.72, for the purpose of determining eligibility for relief under section 736 (a) of the 1939 Code, that amount must be increased by $34,952.36, representing the face amount of accounts receivable sold by the corporation on February 1, 1942, to the Personal Finance Company and H. Butler Stores, Inc.

In support of his position the respondent relies upon section 35.736 (a)–1 (b) (3) of Regulations 112, which states, in part, as follows:

In determining the amount of installment accounts receivable at the end of the taxable year for which eligibility for relief under section 736(a) is being determined, no credit shall be allowed based upon the sale, hypothecation, or other disposition (other than by payment by the purchaser) of any installment account receivable unless it is the practice of the taxpayer to sell, hypothecate, or make other disposition of a portion of its installment accounts receivable * * *

Petitioner contends that the foregoing regulation, insofar as it requires the inclusion of accounts receivable sold by the corporation on February 1, 1942, in its 1942 year-end accounts receivable balance, is invalid because it attaches to qualification for section 736(a) relief a condition not found in the statute and exceeds the Commissioner's authority to prescribe regulations.

The respondent argues that Congress intended that the Commissioner by regulation should define the terms of section 736 (a) because it specifically included in that section three references to "regulations prescribed by the Commissioner with the approval of the Secretary."

The circumstances surrounding the enactment of section 736 (a) and the purpose which Congress intended by its enactment to accomplish have been aptly described in our Opinion in *Mackin Corporation*, 7 T. C. 648, at page 651:

Section 736 (a) is a relief provision, expressly so entitled. The circumstances which brought about its enactment, as explained in the committee reports, were, first, the adoption in the latter part of 1941 of Government credit restrictions increasing the size of down payments and shortening the payment period on installment contracts and, second, the shifting of many business concerns from civilian production into war production. The result to installment basis taxpayers who reported profits for taxation as installments were collected was that there was a bunching of income in one or more taxable years without normal installment selling costs to offset the profits collected. Thus, an installment basis taxpayer might have current taxable income in an amount much larger than in previous years, although the amount of current business done was smaller.

Furthermore, the effect of the existing situation in respect of an installment basis taxpayer was to subject to excess profits tax income arising from sales made in years when there was no such tax—that is, income which in reality accrued before the adoption of the excess profits tax legislation. * * * Recognizing the hardship which thus befell installment basis taxpayers as compared with other taxpayers, Congress gave relief in section 736 (a) by providing that those installment basis taxpayers who could meet certain qualifications might elect to report their income, for excess profits tax purposes, on the accrual basis in lieu of the installment basis.

The provisions of section 736 (a) and the language of the accompanying committee reports [3] disclose a clear congressional intent to grant relief to taxpayers who experienced a reduction in installment sales in the normal course of business operations during excess profits tax taxable years beginning after December 31, 1941. It does not appear that Congress intended to grant relief in those instances where the qualifying diminution in the outstanding accounts receivable balance resulted (apart from conditions due to the wartime economy) from events other than those occurring in the ordinary course of business operations.

It is unquestioned that Dixie Shops, Inc., was not in the practice of selling or otherwise disposing of its accounts receivable, and that the disposition by it of a portion of its accounts on February 1, 1942, was an event which did not occur in the normal conduct of its business. However, it is equally clear from the record before us that the sale by Dixie Shops, Inc., of outstanding accounts receivable in the face amount of $34,952.36 on February 1, 1942, did not produce the qualifying reduction in its accounts receivable balance. The record clearly demonstrates that in the ordinary course of its business activities the corporation would have either collected or charged off as worthless all but 1.336 per cent of the accounts sold on February 1, 1942, leaving only $466.96 to be added to its accounts receivable balance on December 31, 1942. When so increased, the 1942 year-end accounts receivable balance would have amounted to $35,784.68. One hundred twenty-five per cent of that amount is $44,730.85, an amount substantially less than the average of the outstanding installment accounts receivable balances of the corporation at the end of the 4 base years ($47,182.22). Consequently, if the corporation had not sold the $34,952.36 worth of accounts receivable on February 1, 1942, it nevertheless would have qualified for relief within the provisions of section 736 (a) in the normal course of business.

The regulation in question, by requiring the addition to accounts receivable outstanding at the end of the year of the entire face amount of accounts previously sold, gives the taxpayer no credit whatever for the portion of the accounts sold which its collection experience

---

[3] H. Rept. No. 2333, 77th Cong., 1st Sess. (1942), p. 26 ; S. Rept. No. 1631, 77th Cong., 2d Sess. (1942), p. 42.

demonstrates it normally would either have collected or charged off in the ordinary conduct of its business. It is not within the province of the Commissioner under section 736 (a) to seize upon events abnormal in the course of the taxpayer's business, to ignore its normal business experience, and thereby to deny the relief which it was the manifest intention of Congress by the enactment of that section to grant. While it is obvious from the wording of section 736 (a) that Congress intended regulatory provision should be made by the Commissioner with respect to installment basis taxpayers who deliberately diminish their accounts receivable for the sole purpose of qualification under that section to compute their excess profits tax liability on an accrual basis, we think he has regulated beyond that intention of Congress; and we are of the opinion that the portion of the regulations, Regulations 112, section 35.736 (a)–1 (*b*) (3), here in issue bears no reasonable relation to the clearly expressed purpose of section 736 (a) of the 1939 Code.

For the foregoing reasons, we hold that the Commissioner's regulation limiting relief under section 736 (a) by requiring the inclusion in accounts receivable outstanding at the end of the year accounts which previously were sold by the petitioner, in determining its qualification for relief under section 736 (a), is without statutory warrant and is therefore invalid. Accordingly, Dixie Shops, Inc., was entitled to elect to compute income from installment sales on an accrual basis under section 736 (a) of the 1939 Code for purposes of reporting its excess profits tax liability for the taxable year ended December 31, 1942.

*Decisions will be entered under Rule 50.*